ALBANY,
August, 1806.

Orvis
v.
Thompson.

## Orvis *against* Thompson *qui tam*, &c.

The supervisor may associate more than two justices with him as commissioners of excise, and the act of a majority present, is valid. If three, or a majority present, sign the license to keep a tavern, &c. it is sufficient, though the supervisor refuse. It is not indispensable that he should sign the license.

FROM the return to the *certiorari* in this cause, it appeared that the plaintiff in error was prosecuted by the defendant in error, *qui tam.* &c. before a justice of the peace, to recover the penalty of 25 dollars for selling strong liquors by retail, without having a license according to the act. (*Laws of N. Y. Vol.* 1. *p.* 484. § 1. § 3.) The defendant below had been appointed and licensed as a tavern-keeper, at a meeting of the supervisor and eight justices and commissioners of excise, by a majority of them present, and his license was signed by five of the justices, but not by the supervisor who was present, and was requested to sign it. Judgment was given for the plaintiff below against the present plaintiff in error.

*Gold*, for the plaintiff in error. By the first section of the act, the supervisor of the town, and two justices, are declared commissioners of the excise ; or if there be not two justices of the town, or they be absent, the supervisor may associate with him any other justices of the county for that purpose. The supervisor is a mere member of the board of commissioners, and has no authority, or negative, beyond the other members ; a license signed by a majority of the commissioners present, must be valid.

*Platt*, contra. The third section of the act requires three commissioners to be present, of whom the supervisor must always be one, and no license can be granted until they, or a majority of them, are satisfied that the person applying for a license is of good moral character, and of competent abilities to be a keeper of a tavern, &c. The license is directed to be under their respective hands and

seals, and their proceedings or resolves are to be reduced to writing, and severally subscribed, &c. Though it may not be requisite that all should consent to the license, yet it must be subscribed by all. This being a grant of authority, it must be construed strictly. The supervisor has a negative on the two justices, who have a negative on him. It may have been the duty of the supervisor to dissent, yet without his signature the license is void. If the supervisor and two of the justices had signed the license, it would have been valid, though not by a majority of those present.—— 2. Again, there is no resolution that the person was of good moral character, nor that any tavern was necessary, &c. which things are required by the act. 3. The board was not legally constituted. The act confides the power to three. If they assemble and deliberate with a greater number, they cease to be a legal board. Mixed with so many persons clothed with no such authority, they cannot act nor exercise their legitimate functions.

*Gold*, in reply. The law intended only that there should be three commissioners at least. A greater number does not invalidate the acts of the board. The supervisor did not select any two present. The essential point is the moral character of the person to be licensed. *It would be absurd,* that two should certify to that fact, and yet three be required to sign the license. The act merely directs the mode of granting the license, that is, it must be signed and sealed. Where a power of a public nature is given to persons who are to be assembled to exercise it, the opinion of the majority must always govern. This is a general principle, recognized by various authorities,* and it is founded in convenience and justice. A contrary doctrine would be productive of very great embarrassment and inconvenience.

*Per Curiam.* The license produced by the defendant below, was valid. The act of a majority of the commissioners of excise, was sufficient, and it was so considered in the case of *Palmer*, *qui tam.* &c. v. *Downey*, decided in this court, in *October* term, 1801. The supervisor may, in his discretion, associate more than two justices with him, as

ALBANY,
August, 1086.

Orvis
v.
Thompson.

*1 *Bos. and Puller*, 229. *Co. Litt*, 181. b. 2 *Burrows*, 1017. 3 *Term*, 592.

ALBANY,
August, 1806.

commissioners of excise. The number is not limited by the act to *three and no more.* The consent of the supervisor is not indispensable If a majority of the commissioners present sign the license, it is sufficient. The judgment below. must be reversed.

Judgment reversed.